■ SELMA SCHWARTZ et al., Appellants-Respondents, v LEWIS LUBITZ, Respondent-Appellant.—In an action to recover the amount due under an agreement whereby plaintiffs assigned a real estate mortgage to defendant, the appeals are from three orders of the Supreme Court, Putnam County, dated April 29, 1975, June 6, 1975 and June 24, 1975, respectively, and an order of the Supreme Court, Westchester County, dated October 27, 1975 and entered in Putnam County. The order dated April 29, 1975 (1) granted defendant's motion to extend his time to answer and (2) denied plaintiffs' application for summary judgment, without prejudice to renewal thereof after service of the answer; the order dated June 6, 1975 (1) denied defendant's motion to dismiss the complaint and (2) granted plaintiffs' application for summary judgment; the order dated June 24, 1975 (1) granted the branch of defendant's motion which was for reargument of the order dated June 6, 1975 and, upon reargument, adhered to the original determination and (2) referred that branch of defendant's motion which was for leave to serve an answer *nunc pro tunc* to the Justice who made the order dated April 29, 1975; and the order dated October 27, 1975, which was made on the reference, *inter alia,* granted defendant 10 days within which to serve an answer (the Justice who decided the motion indicating that he considered the order dated June 24, 1975 as having, in effect, vacated the grant of summary judgment to plaintiffs). Appeal from the order dated June 6, 1975 dismissed, as academic. That order was superseded by the order dated June 24, 1975, which granted reargument. Order dated June 24, 1975, which granted reargument, modified by adding thereto, after the words "is adhered to", the following: "except insofar as plaintiffs' application for summary judgment was granted and said application is denied." As so modified, order affirmed. Orders dated April 29, 1975 and October 27, 1975 affirmed. Defendant is awarded one bill of $50 costs and disbursements to cover all appeals. The order dated April 29, 1975, which extended defendant's time to answer, also extended his time to move to dismiss the complaint. A motion under CPLR 3211 (subd [a]) extends the defendant's time to answer until 10 days after service of notice of entry of the order (CPLR 3211, subd [f]). Accordingly, it was error to grant plaintiffs' application for summary judgment based upon defendant's default in answering. Martuscello, Acting P. J., Latham, Cohalan, Rabin and Titone, JJ., concur.